Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

Alexandria Division

2021 SEP -8 P 2: 27

| | |
|---|---|
| Lemenuel Lydell Dungey Jr. | Case No. 1:21-cv-01027-AJT-JFA |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✓ Yes ☐ No |
| -v- | |
| Culmen International LLC, Daniel V. Berkon, Robert McPeek, Laura Gosneigh | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Lemenuel Lydell Dungey Jr. |
   | Street Address | 5122 Olivia Way |
   | City and County | Dumfries, Prince William County |
   | State and Zip Code | Virginia 22025 |
   | Telephone Number | 571-421-3114 |
   | E-mail Address | Dungeyll@gmail.com |

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Culmen International LLC |
| Job or Title *(if known)* | |
| Street Address | 99 Canal Center Plaza Unit 410 |
| City and County | Alexandria, Alexandria |
| State and Zip Code | Virginia 22314 |
| Telephone Number | (703) 224-7000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Daniel V. Berkon |
| Job or Title *(if known)* | CEO |
| Street Address | 99 Canal Center Plaza Unit 410 |
| City and County | Alexandria, Alexandria |
| State and Zip Code | Virginia 22314 |
| Telephone Number | (703) 224-7000 |
| E-mail Address *(if known)* | dan.berkon@culmen.com |

Defendant No. 3

| | |
|---|---|
| Name | Robert Mcpeek |
| Job or Title *(if known)* | Program Manager |
| Street Address | 99 Canal Center Plaza Unit 410 |
| City and County | Alexandria, Alexandria |
| State and Zip Code | Virginia 22314 |
| Telephone Number | (703) 224-7000 |
| E-mail Address *(if known)* | robert.mcpeek@culmen.com |

Defendant No. 4

| | |
|---|---|
| Name | Laura Gosneigh |
| Job or Title *(if known)* | Human Resources Director |
| Street Address | 99 Canal Center Plaza Unit 410 |
| City and County | Alexandria, Alexandria |
| State and Zip Code | Virginia, 22314 |
| Telephone Number | (703) 224-7000 |
| E-mail Address *(if known)* | laura.gosneigh@culmen.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Culmen International |
| Street Address | 99 Canal Center Plaza Unit 410 |
| City and County | Alexandria, Alexandria |
| State and Zip Code | Virginia, 22314 |
| Telephone Number | (703) 224-7000 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

FMLA

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
1/23/2020

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
  Major Depression, Anxiety

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
6/17/2021

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 06/10/2021.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Backwages: $388,584 Estimated Salary and Benefits From date of termination to date of judgement of case
Frontwages: $ 195,000 Estimated Salary and Benefits from date of termination to date of new employer
Emotional Distress $65,000
Future Pecinary Loss: $40,000 These estimates are based off the cost of routine therapy for two years, as well as other out of pocket medical expenses
Unemployment Wages - 40,000
Punative Damages $2,989,168
FMLA Liquidated Damages - Backpay $388,584 Estimated Salary and Benefits
FMLA Liquidated Damages Frontpay $195,000 Estimated Salary and Benefits

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        09/07/2021

Signature of Plaintiff      *[signature]*
Printed Name of Plaintiff   Lemenuel Lydell Dungey Jr.

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**Section E. CONTINUED -The Facts of my case are as follows:**

On December 30, 2019, Laura Gosneigh formally provided Mr. Dungey with an Employee Request for Reasonable Accommodation. In her email on January 6, 2020 (at 3:53 p.m.), she explicitly states, "The STD kicks in on the 8th calendar day, which usually leaves you with about 5 work days you will need to cover with PTO. And you can go to negative 40 hours in your PTO balance, if needed. The STD pays 60% of your salary. I've also attached the STD Policy Summary." Mr. Dungey responded on January 8, 2020, "My plan is to have all of this completed so that I can begin the 7 days of leave that must occur Monday February 3rd prior to the disability leave."

Moreover, on January 23, 2020, Mr. Dungey emailed Ms. Gosneigh and explicitly stated he would begin the mandated out of office leave for short-term disability on January 28, 2020.

Culmen International and Laura Gosneigh have attempted to beginning December 13th 2019 that Mr. Dungey never notified them he was suffering from a disability, but have acknowledged in supporting documentation that Mr. Dungey disclosed information Ms. Gosneigh regarding his therapist treatment for mental health issues (depression and anxiety) and its impact on insurance coverage.

Culmen International, Laura Gosneigh, and Robert Mcpeek have attempted to frame the context of Mr. Dungey leaving work entirely the end of January 2020, however in all referenced documentation he was directed to do so at the discretion of HR Director Laura Gosneigh. Mr. Dungey was directed to begin the agreed upon short-term disability leave via email. This is also further substantiated by Mr. Dungey's call records in late January 2020with Ms. Gosneigh.

In addition, Ms. Gosneigh admits that it was possible she and Mr. Dungey had spoken but conveniently could not recall. Mr. Dungey's phone records document a connected call between himself and Ms. Gosneigh wherein they discussed his disability and accommodation notably, ten days prior to their her email discussions with Mr. McPeek. See https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada#requesting.

Per the SOW and Federal contract HSSA01-17-Q-1813 that Mr. Dungey operated under, Ms. Maloof and Shaun Grant (Government Contract Officer Representatives) had no authorization to meet with Robert McPeek or Brad Stolze regarding Mr. Dungey's performance or provide input and direction for Mr. Dungey to be place on a PIP. Under oath, they used short-term disability as a basis for Mr. Dungey's removal and termination from the contract and did so prior to Culmen's HR department submitting and request for Short-term Disability or FMLA request. They met privately and removed Mr. Dungey because he intended to take leave.

Mr. Dungey's primary care doctor forwarded the initial STD claim to Culmen. Thereafter, Culmen allegedly sent it to Lincoln Financial Group (LFG), but LFG never had it on file. This application was saved in the Inova System, and Mr. Dungey also saved a physical copy for Dr. Khin Myint, who he met with in February 2020. On February 24, 2020, Mr. Dungey attended his appointment with Dr. Myint. Dr. Myint doubled his medication, and recommended Mr. Dungey take his nighttime medication over the next two months for severe days until his appointment with Dr. Walleed Mushref on April 20, 2020. Mr. Dungey recalls Dr. Myint informing him that the STD form would be Dr. Mushref office's responsibility to approve and forward the 90-day application. Unfortunately, due to the pandemic, some psychiatric facilities were closed. As such, after being terminated, Mr. Dungey's April 20, 2020 appointment with Dr. Mushref was

cancelled. He was no longer employed and could not afford the doctor visits and the Inova Psychiatric Assessment Centers and satellite offices for Psychiatric services were shut down due to covid.

On February 22, 2020, Culmen terminated Mr. Dungey's Secret Security clearance, indicating separation from the company and that he stopped working there. More specifically, Mr. Dungey's termination occurred approximately three weeks after Mr. Dungey began the mandated leave for short term disability. After communicating with employees at Lincoln Financial, Mr. Dungey discovered that Demitrus Smith was responsible for communicating Short-term Disability coverage with him. Per conversations included as evidence, Mr. Smith of LFG emailed the wrong email address on file "Dungeyii@gmail.com" and called the wrong number instead of Mr. Dungey's personal cell phone. On or after this date, Mr. Smith was terminated from LFG, and there was no follow-up or attempt to reach Mr. Dungey. At that time, Mr. Dungey was left to assume his STD application had been received and approved per Ms. Gosneigh's email submitted February 14, 2020.

All adverse actions that Mr. Dungey experienced due to his disability, race, and/or out of retaliation. Mr. Dungey was placed on a PIP after he disclosed his intent to elect short-term disability. This is an act of relation. Further, Culmen has not provided any proof of Mr. Dungey's failure to work core hours onsite. Workhours on site can easily be verified by Mr. Dungey's badge access to the building entering and exiting the door.

Culmen International chose Lincoln Financial Group to provide this benefit. Lincoln Financial Group terminated the person that was tasked with following up on Mr. Dungey's application for disability. The termination of their employee who had incorrect contact information and did not follow-up with Mr. Dungey, is not a withdrawal of disability application. At that point, an

accommodation had already been put into place prior to their verification. Furthermore, Ms. Gosneigh did not attempt to contact Mr. Dungey by telephone after February 13, 2020 as she indicated. However, Ms. Gosneigh did attempt to contact Mr. Dungey to request the Government furnished equipment on February 26, 2020 (as indicated in the attached screenshot text messages.) Specifically, neither Lincoln Financial Group nor Culmen International contacted Mr. Dungey while this accommodation was in place while Mr. Dungey was led to believe he was on approved disability leave. Mr. Dungey's disability status application was in "Pending" as noted by Courtnie Palmer of LFG, and Annam Rizwan Senior Claims Examiner of LFG as of April and May of 2020. When Mr. Dungey spoke with Ms. Palmer, she provided him the submitted LFG documents that were supposed to have been received and processed by Mr. Smith. Mr. Dungey then resubmitted those initial documents to LFG.

In November 2019, Mr. Dungey sought treatment for disability at the Inova Psychiatric Assessment Center in Fairfax, VA. On December 6, 2020, Mr. Dungey called Ms. Gosneigh to further discuss his disability, and documentation procedures. During his call with Ms. Gosneigh, Mr. Dungey asked if there were any supplemental documentation he would need to complete regarding disability because of this recent treatment, and to also report it regarding his security clearance. It was Mr. Dungey's belief that seeking treatment at a psychological assessment center was a report requirement for his security clearance to which he followed procedure. Mr. Dungey was advised that there was no documentation that needed to be completed. This was the second time that his disability was discussed with his HR department, and there was a failure to formally document his disability information. On December 30, 2020, Mr. Dungey requested documentation and information from Ms. Gosneigh so that he may go on Short-term Disability.

Culmen International has consistently provided false and misleading information regarding Mr. Dungey's performance as an attempt to assassinate his character and discredit him, and they have chosen to redact statements from Mr. Dungey and the Company when the government formally requested emails and other documents in the provided Election Letter ROI. They have repeatedly attacked Mr. Dungey's credibility as an employee when in actuality this is a case about the improper procedures and conduct of his employer. Culmen knew Mr. Dungey intended to take disability leave, and terminated him from the contract, prior to Culmen submitting a claim for disability leave, and terminated him from his position within the 90 days of unpaid leave he is entitled to under FMLA. In March 2020 a termination letter was emailed by the HR Director.

As per the Department of Labor FMLA Employee guide "While you do not have to specifically ask for FMLA leave for your first leave request, you do need to provide enough information so your employer is aware it may be covered by the FMLA. Once a condition has been approved for FMLA leave and you need additional leave for that condition (for example recurring migraines or physical therapy appointments), your request must mention that condition or your need for FMLA leave. If you don't give your employer enough information to know that your leave may be covered by the FMLA, your leave may not be protected. You do not have to tell your employer your diagnosis, but you do need to provide information indicating that your leave is due to an FMLA-protected condition (for example, stating that you have been to the doctor and have been given antibiotics and told to stay home for four days)

Seeking treatment for a protected disability is covered under FMLA, and Mr. Dungey's termination prior to completing his 90 days is a violation of his rights.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Lemenuel L. Dungey, Jr.<br>5122 Olivia Way<br>Dumfries, VA 22025 | From: | Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2020-01555 | Richard H. Kim,<br>Enforcement Supervisor | (202) 921-2809 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Richard Kim  Digitally signed by Richard Kim  Date: 2021.06.10 10:15:30 -04'00'  For     June 10, 2021

Enclosures(s)            Mindy E. Weinstein,          *(Date Issued)*
                         Director

cc: | Laura Gosneigh<br>Human Resources Director<br>CULMEN INTERNATIONAL<br>99 Canal Center Plaza, Suite 410<br>Alexandria, VA 22314 | Kristen Farr<br>THE SPIGGLE LAW FIRM<br>4830 31st Street S, Suite A<br>Arlington, VA 22206 |

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued*** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.